```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
HOPETON STEWART,

                        Plaintiff,                              OPINION & ORDER

        v.                                                      25-CV-1138
                                                                (Marutollo, M.J.)
GURHARPREET SINGH and MAJHAIL TRANS,
INC.,

                        Defendants.
-------------------------------------------------------------X
```

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

This case arises out of a January 16, 2024 automobile accident in which a vehicle allegedly owned by Defendant Majhail Trans, Inc. ("Majhail") and operated by Defendant Gurharpreet Singh (collectively, "Defendants"), collided with Plaintiff Hopeton Stewart's vehicle. *See* Dkt. No. 1-1 ¶¶ 6-11. Plaintiff initially filed suit in the Supreme Court of the State of New York, Queens County, on September 5, 2024. *See id.* at 1. On February 28, 2025, Defendants removed this action to the United States District Court for the Eastern District of New York. *See* Dkt. No. 1. On May 8, 2025, upon the parties' consent to magistrate judge jurisdiction, this case was reassigned to the undersigned for all further proceedings. *See* Dkt. Nos. 12, 13.

Currently pending before this Court is Plaintiff's motion, pursuant to 28 U.S.C. § 1447, to remand this matter to the Supreme Court of the State of New York, Queens County (the "Motion to Remand"). *See generally* Dkt. No. 14. In support of his Motion to Remand, Plaintiff argues that remand is required because there is not complete diversity among the parties in this action, thus, this Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). *See* Dkt. No. 14-1 at ¶ 5. Defendants oppose Plaintiff's Motion on the grounds that the parties are completely diverse, and that jurisdiction is proper in this case. *See* Dkt. No. 16.

For the reasons set forth below, this Court **GRANTS** Plaintiff's Motion to Remand.[1]

## I. Relevant Background

### A. Factual Background

In the Complaint, Plaintiff alleges that on January 16, 2024, he was lawfully operating his motor vehicle on the Van Wyck Expressway in Queens County, New York. Dkt. No. 1-1 ¶ 12. Plaintiff alleges that on that date, he was "caused to sustain serious personal injuries" when Defendants' vehicle "forcibly struck and collided with [P]laintiff's vehicle." *See id*. Plaintiff alleges that Defendants were operating the vehicle in a dangerous manner; that the incident was caused solely by the negligence of the Defendants; and that Plaintiff did not contribute to the incident or its occurrence. *See id.* ¶¶ 13-14. Plaintiff further alleges that as a result of the collision, he suffered "serious personal injuries to and about his body and to his nerves and nervous system" and "causing him great pain and discomfort and incapacitating him from attending to his usual and normal activities and duties." *See id.* ¶ 18.

### B. Procedural History

On September 4, 2024, Plaintiff filed this action against Defendants in the Supreme Court of the State of New York, Queens County. *See* Dkt. No. 1-1. The Complaint does not specify a dollar amount for damages, instead stating that Plaintiff sustained a "serious injury" as contemplated by N.Y. Ins. Law § 5102,[2] and basic economic loss for which he can recover,

---

[1] Alexa M. Marsh, a judicial intern who is a third-year law student at The George Washington Law School, is gratefully acknowledged for her assistance in the research of this Opinion and Order.

[2] Section 5102(d) defines "serious injury" as a "personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the

pursuant to N.Y. Ins. Law § 5104. *Id.* ¶ 16. Plaintiff asserts that he sustained an economic loss "greater than the basic economic loss, as defined in subdivision (a) of Section 5102[3] of the Insurance Law of the State of New York." *Id.* ¶ 17. Plaintiff alleged that his damages "exceed[] the monetary limits of all Courts of limited jurisdiction, plus interest and punitive damages." *See id.* ¶ 18.

On October 17, 2024, Plaintiff served Singh by delivering, *inter alia*, a copy of the Summons and Complaint to a person of alleged suitable age and discretion cohabitating at Singh's apartment in South Richmond Hill, New York. *See* Dkt. No. 1-2. On October 18, 2024, Plaintiff also mailed the aforementioned documents to Singh[4] at the same South Richmond Hill apartment address. *Id.*

On or about February 14, 2025, Defendants filed an Answer to the Complaint, with a counterclaim, along with demands for a verified bill of particulars, damages calculations, and discovery requests, among other documents and information.[5] *See* Dkt. No. 1-3 at 7, 25, 49. In their Answer, Defendants deny or deny knowledge or information sufficient to form a belief about all the allegations in the Complaint. *See id.*

---

one hundred eighty days immediately following the occurrence of the injury or impairment." N.Y. Ins. Law § 5102(d).

[3] Section 5102(a) defines "basic economic loss" as "up to fifty thousand dollars per person" for the combination of expenses defined in the same statute. N.Y. Ins. Law § 5102(a).

[4] It is not clear from the record before the Court whether Majhail is the "Defendant" referenced in Dkt. No. 1-2, as Plaintiff lists "Gurharpreet Singh, *et al*.," in the caption of the affidavit of service. Dkt. No. 1-2 (emphasis added).

[5] In addition to their answer, Defendants filed a Notice to Take Deposition Upon Oral Examination, as well as demands for a Verified Bill of Particulars, Collateral Source Information, General Information, Witnesses, Authorizations and Medical Reports, Video and Audio Recordings at Plaintiff's Medical Exams, Notice of Claim and 50-H Hearing Transcript, Post Office Information, Medicaid/Medicare Information, Social Media Access, Telemedicine and Medical Examinations and Records, and a Statement of Damages. Dkt. No. 1-3 at 7-50.

On February 20, 2025, Plaintiff served responses to Defendants' discovery requests and demand for a damages, indicating that Plaintiff was demanding $1,000,000. *See* Dkt. Nos. 20, 20-1.

On February 28, 2025, Defendants filed a Notice of Removal, citing diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, 1446, and Local Civil Rule 81.1. *See* Dkt. Nos. 1, 2. Defendants allege that their removal application was timely filed pursuant to 28 U.S.C. § 1446, as the same "was made within 30 days of receiving the Summons and Complaint." Dkt. No. 1 ¶ 4. Defendants also argued that "[t]his action is removable because there is complete diversity of citizenship among the properly joined parties to this litigation and the amount in controversy exceeds $75,000.00, exclusive of interests and costs." *Id.*; *see also* 28 U.S.C. § 1332.

On March 26, 2025, Plaintiff filed a pre-motion conference letter seeking leave to move to remand this action to Supreme Court of the State of New York, Queens County. *See* Dkt. No. 6 at 1. The Court denied Plaintiff's pre-motion conference request and directed the parties instead to file a briefing schedule. *See* April 3, 2025 Text Order.

On May 8, 2025, upon the parties' consent to magistrate judge jurisdiction, this case was reassigned to the undersigned for all further proceedings. *See* Dkt. Nos. 12, 13.

On May 14, 2025, Plaintiff filed his Motion to Remand. Dkt. No. 14. Plaintiff argues that removal to federal court was inappropriate because the parties are not completely diverse. Dkt. No. 14-3. Specifically, Plaintiff contends that he is a citizen of the State of New York, that Majhail is a corporation organized under the laws of the State of Indiana, and that Singh is a citizen of New York – and not California, as was previously thought. *Id.* ¶¶ 13-18. According to Plaintiff, Singh was unable to be served at the Fresno, California address on the Complaint, and a records search led Plaintiff to Singh's apartment in South Richmond Hill, New York, where Singh allegedly

4

resides and where Plaintiff effectuated service on an individual allegedly living at that address. *Id.* ¶¶ 14-17. Accordingly, because Singh and Plaintiff are both citizens of New York, Plaintiff contends that "there is no diversity jurisdiction between the parties." *Id.* ¶ 18.

In response, Defendants claims that the case was properly removed because Plaintiff is a citizen of New York, Singh is a citizen of California, and Majhail is a citizen of Indiana; and the amount in controversy exceeds the jurisdictional minimum. *See* Dkt. No. 16 ¶¶ 2-7. As evidence, Defendants point to Singh's Fresno, California address, as listed on Plaintiff's Complaint. *See id.* ¶ 3; *see also* Dkt. No. 1-1 at 1. Defendants further argue that Plaintiff "has never attempted to amend the summons [and] complaint to correct any errors and/or omissions regarding the residency of the named defendants." *See* Dkt. No. 16 ¶ 8.

Plaintiff, in his reply, argues that Plaintiff failed to "comment or rebut[] the evidence that at the time the Summons and Complaint were served upon [] Singh[,] he was no longer resident in California but rather in New York where he was served." Dkt. No. 15 at 2. Plaintiff adds that Defendants "have failed to submit any evidence that [] Singh is not a resident of New York." *Id.*

On September 3, 2025, the Court ordered Defendants to supplement their opposition to Plaintiff's motion "with proof of [Singh's] residency at the time of filing of this action in state court in September 2024, and when the case was removed to this Court in February 2025." Text Order dated September 3, 2025 ("Specifically, Defendant Singh shall file an affidavit indicating his place of domicile in September 2024 and February 2025, and any intention at those times of establishing a new domicile in a different place.").

The Court also ordered that any "available documentary proof of [Singh's] residency in September 2024 and February 2025," should be filed, "including mail indicating his residential address, his driver's license, voter registration, tax payments, automobile registration, or other

5

such documents tending to indicate domicile." *Id.* (citing *Techno-TM, LLC v. Fireaway, Inc.*, 928 F. Supp. 2d 694, 697 (S.D.N.Y. 2013)).

On September 12, 2025, Plaintiff filed three documents in further support of his Motion to Remand: (1) the DMV search performed in September 2024 showing Singh's address as 101-48 120th Street, Apt. 1, South Richmond Hill, New York 11419; (2) a copy of Singh's California commercial driver's license, which was exchanged at the scene of the accident on January 16, 2024; and (3) the affidavit of service on Singh at his alleged residence in South Richmond Hill, New Yorkf. *See* Dkt. No. 17 at 2-4.

On September 17, 2025, Defendants filed an affidavit, executed by Singh, swearing that he currently resides in Fresno, California, and did so at the time of the accident, in September 2024 (when the action was commenced) and in February 2025 (when the case was removed to federal court). *See* Dkt. Nos. 18, 18-1. Defendants assert that Singh is a "citizen[]" of California. Dkt. No. 18 at 2.

On October 9, 2025, the Court ordered the parties to file supplemental letters regarding whether the amount in controversy requirement of 28 U.S.C. 1332(a) is met in this case. Text Order dated October 9, 2025.

On October 13, 2025, Defendants filed their letter, indicating that Plaintiff's Summons and Complaint asserted that "[P]laintiff alleged injuries exceed the jurisdictional limits of the lower courts." Defendants also cited to verdicts and settlements exceeding $75,000 in cases in this District, in which plaintiffs claimed injuries similar to Plaintiff. Dkt. Nos. 19; 19-1. Defendants add that, "[t]he results of the searches in the SDNY illustrated amounts in controversy that exceed the jurisdictional minimum of $75,000.00." Dkt. No. 19 at 2.

On October 21, 2025, Plaintiff filed a letter indicating that "[p]rior to the removal process," Defendants "served discovery demands seeking a demand for damages[,]" and attaching therewith, a copy of Plaintiff's demand for $1,000,000, dated February 20, 2025. Plaintiff contends that remand is proper because Singh is a citizen of New York and diversity jurisdiction is thus lacking. *See* Dkt. No. 20; *see also* Dkt. No. 20-1.

## II.   Legal Standards

### A.   Removal

"The federal district courts, as courts of limited jurisdiction, possess only such authority as is conferred by an act of Congress." *Elliott v. Jaquez*, 777 F. Supp. 3d 136, 146 (E.D.N.Y. 2025) (quoting *Portillo v. Bharara*, 527 F. App'x 48, 49 (2d Cir. 2013)). "An action filed in state court may be properly removed by a defendant to federal court in 'any civil action . . . of which the district courts of the United States have original jurisdiction.'" *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017) (quoting 28 U.S.C. § 1441(a)). "[A] district court, when determining whether it has original jurisdiction over a civil action, should evaluate whether that action could have been brought originally in federal court . . . either because it raises claims arising under federal law or because it falls within the court's diversity jurisdiction." *Barbato v. Interstate Fire & Cas. Co.*, No. 25-CV-5312 (JGK), 2025 WL 2959010, at *2 (S.D.N.Y. Oct. 17, 2025) (quoting *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 441 (2019)).

Defendants here removed this action to federal court because they argue that it falls within this court's diversity jurisdiction. "The right to remove a state court action to federal court on diversity grounds is statutory, and must therefore be invoked in strict conformity with statutory requirements." *M/A-Com, Inc. v. Bashford*, No. 07-CV-8343 (JSR), 2008 WL 2661996, at *2

7

(S.D.N.Y. July 7, 2008) ("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.") (citation omitted). Diversity jurisdiction "requires both an amount in controversy in excess of $75,000 and diversity of citizenship among all the parties." *See Alvarez v. A. Duie Pyle, Inc.*, No. 25-CV-05277 (BMC), 2025 WL 2841713, at *2 (E.D.N.Y. Oct. 7, 2025) (citing 28 U.S.C. § 1332; U.S. CONST. art. III, § 2, cl. 1). "An action removed to federal court from state court by virtue of the parties' diverse citizenship is before the federal court properly 'only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" *Id.* (quoting 28 U.S.C. § 1441(b)). Jurisdiction pursuant to 28 U.S.C. § 1332(a) requires complete diversity between all plaintiffs and defendants. *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996); *Subbotovskiy v. Touro Univ.*, No. 23-CV-982 (JMA) (ST), 2023 WL 8829173, at *3 (E.D.N.Y. Dec. 20, 2023) ("[s]ubject matter jurisdiction may also be invoked under Section 1332, which provides that federal jurisdiction may be established where there is a diversity of citizenship between the parties and the amount in controversy exceeds $75,000") (citing 28 U.S.C. § 1332).

"Where removal is based on diversity jurisdiction, there must be complete diversity both at the time of removal and at the time the state court complaint was filed." *Cotto v. Federal National Mortgage Association*, No. 20-CV-6487 (MKV), 2021 WL 4340668, at *2 (S.D.N.Y. Sept. 22, 2021) (citing *United Food & Commercial Workers Union, Local 919, AFL–CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (citing 14A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3723, at 311-12 (1990))); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (holding that, for the purposes of assessing diversity jurisdiction when the plaintiff has amended her complaint, the parties' citizenship at the

time of the filing of original complaint controls). "'An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile,' or in other words, 'the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" *Alongis v. Arby's Rest. Grp., Inc.*, No. 2:23-CV-6593 (NJC) (LGD), 2025 WL 2772810, at *3 (E.D.N.Y. Sept. 29, 2025) (quoting *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019)).

The procedures and requirements for removal pursuant to 28 U.S.C. § 1441 are found in Section 1446 of the same title. *See Teamsters Local 404 Health Servs. & Ins. Plan v. King Pharms., Inc.,* 906 F.3d 260, 266 (2d Cir. 2018) (clarifying that Section 1446 "merely defines the procedures relating to removal[.]"). Section 1446(a) requires that a defendant establish the "grounds for removal and attach a copy of all process, pleadings, and orders served upon them" in the prior state litigation. 28 U.S.C. § 1441(a). Furthermore, as the court in *Alvarez* recently reiterated,

> In certain circumstances – and so long as the federal court has jurisdiction otherwise – the federal removal statute provides that actions originally brought in state court may be removed by the defendant to federal court within 30 days of the date from which defendants first receive notice that the case is removable. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(b)(3). Under 28 U.S.C. § 1446(c)(1) however, a defendant may not remove a case based on diversity jurisdiction "more than [one] year after commencement of the action." 28 U.S.C. § 1446(c)(1). There is one exception to this bar – if "the district court finds that the plaintiff has acted in bad faith[6] in order to prevent a defendant from removing the action." *Id.* The statute provides that if "the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith" for purposes of tolling the one-year bar. 28 U.S.C. § 1446(c)(3)(B).

---

[6] To fall within the "bad faith" exception, a party must establish "a specific desire to prevent removal." *Marin v. Sephora USA, Inc.,* No. 21-CV-3520 (CM), 2020 WL 3999711, at *6 (S.D.N.Y. July 15, 2020). Courts in the Second Circuit "have declined to infer strategic conduct and excuse an untimely removal where plaintiffs have failed to answer multiple requests for damages[.]" *Id.* (quoting *Martinez v. Yordy,* No. 16-CV-005 (BMC), 2016 WL 8711443, at *2-*3 (E.D.N.Y Feb. 19, 2016)).

2025 WL 2841713, at *2. Although not jurisdictional, the thirty-day filing deadline is "mandatory" and "rigorously enforced." *See Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991).

Additionally, under Local Civil Rule 81.1,

If the court's jurisdiction is based on diversity of citizenship, and regardless of whether or not service of process has been effected on all parties, the notice of removal must set forth

(1) in the case of each individual named as a party, that party's residence and domicile and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332;

(2) in the case of each party that is a partnership, limited liability partnership, limited liability company, or other unincorporated association, like information for all of its partners or members, as well as the state or other jurisdiction of its formation;

(3) in the case of each party that is a corporation, its state or other jurisdiction of incorporation, principal place of business, and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332;

(4) in the case of an assigned claim, corresponding information for each original owner of the claim and for each assignee; and

(5) the date on which each party that has been served was served.

Loc. Civ. R. 81.1.

### B. Remand

"If a federal district court determines that it lacks subject matter jurisdiction over a case removed from state court, the case must be remanded." *Cnty. of Nassau v. New York*, 724 F. Supp. 2d 295, 301 (E.D.N.Y. 2010) (Bianco, J.) (citing 28 U.S.C. § 1447(c)); *see also Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 220 (2d Cir. 2013) (noting the "Supreme Court's directive to construe removal statutes strictly and resolve doubts in favor of remand.").

Section 1447(c) of Title 28 provides for procedures after removal. *See Lupo v. Human Affairs Int'l,* 28 F.3d 269, 271 (2d Cir. 1994). Section 1447(c) requires that "[i]f at any time before final judgement it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." A defendant's failure to plead subject matter jurisdiction is also a procedural defect under Section 1446(a), which requires that the defendant provide the grounds of removal. Where a defendant has not met its burden of establishing this Court's jurisdiction in removing an action, remand is generally the appropriate measure under both Section 1447(c) and Section 1446(a). *See, e.g., Lupo,,* 28 F.3d at 274 (ordering the district court to remand where the defendant failed to establish subject matter jurisdiction ); *Silva v. Sunrise of Dix Hills,* No. 22-CV-6675 (JS) (LGD), 2024 WL 4242140, at *5 (E.D.N.Y. Sept. 19, 2024); (remanding where the defendant failed to establish the amount in controversy); *Diallo v. Puerta,* No. 23-CV-9452 (PKC) (MMH), 2024 WL 640066, at *4 (E.D.N.Y. Feb. 15, 2024) (same).

A defendant's failure to establish diversity jurisdiction alone, however, does not require remand. *See Durant, Nichols, Hous., Hodgson, & Cortese-Costa, P.C. v. Dupont,* 565 F.3d 56, 64 (2d Cir. 2009) ("the actual *existence* of diversity jurisdiction, *ab initio*, does not depend on the complaint's compliance with these procedural requirements."); *Marin*, 2020 WL 3999711 at *5 ("While a procedural defect in removal does not deprive a federal court of jurisdiction, courts construe removal statutes strictly and resolve doubts in favor of remand."). Accordingly, a district court has discretion to order jurisdictional discovery where removal "improperly pleaded citizenship." *Platinum-Montaur Life Scis., LLC v. Navidea Biopoharmaceuticals, Inc.,* 943 F.3d 613, 615, 617-618 (2d Cir. 2019). Nonetheless, the Second Circuit has cautioned against "prolonged preliminary litigation" over removal where the defendant "failed in the first instance to aver a proper jurisdictional basis for removal." *Lupo,* 28 F.3d at 274.

**III.    Discussion**

Upon review of the record, the Court grants Plaintiff's Motion to Remand because the requirements of 28 U.S.C. § 1332 do not appear to be satisfied—to wit: (1) the Court can cannot conclude that Singh is a not a New York domiciliary, and thus that the parties are completely diverse; (2) the Court cannot conclude that Plaintiff's claims exceed the $75,000 amount in controversy threshold; and (3) Defendants failed to attach all copies of papers and pleadings served upon them in the underlying state court litigation to their notice of removal.

Accordingly, the Court must "construe [the] removal statutes strictly and resolve [its] doubts in favor of remand." *Purdue Pharma*, 704 F.3d at 220 (2d Cir. 2013).

**A.    Defendant Singh's Domicile**

Here, the parties sharply dispute whether complete diversity exists between Singh and Plaintiff.[7] "The Supreme Court has interpreted 'citizens of different States' to grant jurisdiction only 'if diversity of citizenship among the parties is complete, *i.e.*, only if there is *no* plaintiff and *no* defendant who are citizens of the same State.'" *Platinum-Montaur Life Scis*, 943 F.3d at 617 (quoting *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998)) (emphasis added); *see Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State."). Plaintiff contends that both he and Singh are New York domiciliaries, thus necessitating remand. *See* Dkt. No. 14. Specifically, Plaintiff states that, while his Summons originally listed Singh's address as 1870 N. Cornelia Avenue, Fresno, California 93722, *see* Dkt. No. 14-4 at 1, Plaintiff later learned that Singh lived at 101-48 120th Street, Apt. 1, South Richmond Hill, New York 11419, at the time of the accident,

---

[7] It is undisputed that Majhail is an Indiana corporation and thus not a citizen of the State of New York. *See* Dkt. No. 1 ¶ 8.

12

the time of this action's commencement, and currently. *See* Dkt. No. 14-1 at ¶¶ 9-12. Plaintiff served process at the South Richmond Hill address. *See* Dkt. No. 1-2. Singh, alternatively, contends that he lived in Fresno, California at the time of the accident, the time of this action's commencement, and currently. *See* Dkt. Nos. 18, 18-1.

A party's citizenship for purposes of the diversity statute, 28 U.S.C. § 1332, is a mixed question of law and fact. *See Richins v. Hofstra Univ.*, 908 F. Supp. 2d 358, 361 (E.D.N.Y. 2012) (citing *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000)). "An individual's citizenship for purposes of 28 U.S.C. § 1332 'is determined by his domicile,' and '[d]omicile is the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" *Caicedo v. Sabovics*, No. 23-CV-4645 (ARR) (TAM), 2024 WL 1719635, at *1 (E.D.N.Y. Apr. 22, 2024) (quoting *Palazzo*, 232 F.3d at 42 (quotation omitted)). "Domicile is not synonymous with residence; a party can reside in one place and be domiciled in another." *Kennedy v. Trs. of the Testamentary Trust*, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009). It is thus, "well-established that allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997).

Instead, "[c]ourts take into account a number of factors when considering where a person is domiciled, including a party's 'current residence, voting registration, driver's license and automobile registration, location of brokerage and bank accounts, members in fraternal organizations, churches, and other associations, places of employment or business, and payment of taxes.'" *Hidalgo v. City of New York*, No. 14-CV-2282 AJN, 2015 WL 1729811, at *2 (S.D.N.Y. Apr. 14, 2015) (quoting *Kennedy*, 633 F. Supp. 2d at 81). No single factor predominates and the Court must consider the totality of the circumstances. *Id.*

Here, the Court cannot conclude that Singh is domiciled in California—and not in New York—such that the parties are completely diverse. Singh has sworn, under penalty of perjury, that he currently resides in Fresno, California, and did so both at the time of the accident, in September 2024 and when this case was removed to federal court in February 2025. *See* Dkt. Nos. 18, 18-1. But a party's self-serving and subjective claims about residence are insufficient to establish that domicile. *See Desir Austin Austin v. Ray's Rapid Transporting LLC*, No. 13-CV-912 (VMS), 2015 WL 9412542, at *7 (E.D.N.Y. Dec. 21, 2015) ("Although Plaintiff subjectively claims that he was domiciled in New York at the time of the accident, this is insufficient to establish that New York was his domicile . . . ."); *Willis v. Westin Hotel Co.*, 651 F. Supp. 598, 601 (S.D.N.Y. 1986) ("Although intent is crucial to domicile, mere subjective statements of affiliation with a particular state or of an intent to make it one's home, of course cannot suffice for a finding of state citizenship if such statements are belied by objective indicia of actual residence and intent.").

While Singh possesses a commercial driver's license from the State of California, which lists his Fresno address (*see* Dkt. No. 17 at 2-4), the report attached to Plaintiff's supplemental filing indicates Singh has been associated with the 101-48 120th Street, Apt. 1, South Richmond Hill, New York 11419 address from September 2017 to September 2024. *See* Dkt. No. 17 at 2. By contrast, Plaintiff has only been associated with addresses in Fresno, California from February 2023 to May 2024 and October 2021 to April 2021, respectively. *Id.* Plaintiff is also associated with addresses in Bakersfield, California, Plainfield, New Jersey, and Staten Island, New York. *Id.* Additionally, Plaintiff is employed by Majhail, an Indiana citizen for jurisdictional purposes, *see* Dkt. No. 1 ¶ 8, which does not aid the Court's determination of Singh's citizenship. *See Ray's Rapid Transporting*, 2015 WL 9412542, at *7.

Defendants, as the removing parties, bear the burden of demonstrating that the parties are completely diverse, and that this Court's exercise of subject matter jurisdiction over this case is proper. *See Platinum-Montaur Life Scis.*, 943 F.3d at 617 ("'It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction,' and it must prove jurisdiction by a 'preponderance of evidence.'") (quoting *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006)); *see also Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012).

At bottom, Defendants have not met their burden of establishing that Singh is a California (and not a New York) domiciliary, and that the parties are, in turn, completely diverse. Indeed, as detailed above, the objective indicia of domicile show that Singh may just as likely be a citizen of New York as he is of California. *See Ray's Rapid Transporting*, 2015 WL 9412542, at *7. Additionally, when the Court expressly directed Singh to supplement his motion to remand with documents tending to indicate domicile, including "mail indicating his residential address, his driver's license, voter registration, tax payments, automobile registration," Singh filed only an affidavit stating that he was a resident of Fresno, California. *See* Dkt. No. 18.

Accordingly, Defendants have not demonstrated complete diversity of the parties, thus necessitating remand of this case to state court.

### B.    Amount in Controversy

Additionally, even if Defendants had demonstrated complete diversity of the parties, remand would still be proper because the Court cannot conclude that 28 U.S.C. § 1332(a)'s amount in controversy requirement is met.

Here, the parties do not seem to dispute that the amount in controversy requirement is met. *See* Dkt. Nos. 20, 21. Nevertheless, upon review of the pleadings and materials submitted in connection with the Motion, it is not clear that Plaintiff's damages exceed $75,000. As noted

above, Plaintiff's Complaint does not specify a dollar amount for damages, instead stating that Plaintiff sustained a "serious injury" as contemplated by N.Y. Ins. Law § 5102, and basic economic loss for which he can recover, pursuant to N.Y. Ins. Law § 5104. *Id.* ¶ 16. Plaintiff further alleges that his damages "exceed[] the monetary limits of all Courts of limited jurisdiction, plus interest and punitive damages." *See id.* ¶ 18. Without more, however, these statements are insufficient to conclude that damages exceeding 28 U.S.C. 1332(a)'s $75,000 amount in controversy threshold are sought. *See Diallo*, 2024 WL 640066, at *3 (noting that the initial pleading's claims that "Plaintiff was 'seriously' and 'permanently' injured 'as defined in Section 5102(d) of the Insurance Law of the State of New York[]'" are insufficient to establish an amount in controversy); *see also Herrera v. Terner*, No. 16-CV-4610 (DLI) (JO), 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016) (remanding case because "boilerplate" allegations based on Article 51 of New York Insurance Law "do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction"); *Woodley v. Mass. Mut.*, No. 08-CV-0949 (NRB), 2008 WL 2191767, at *2 (S.D.N.Y. May 23, 2008) (remanding case for failure to satisfy jurisdictional amount where defendants relied solely on an *ad damnum* clause in the complaint stating that the plaintiff was seeking damages in excess of the jurisdiction of all lower courts).

Moreover, while Plaintiff proffered a demand of $1,000,000 to Defendants on or about February 20, 2025, *see* Dkt. Nos. 20, 20-1, this is not conclusive on the actual damages sought by Plaintiff. *See Diallo*, 2024 WL 640066, at *4. Indeed, while "some courts have considered settlement demands in determining the amount in controversy, they have done so with caution, warning that a settlement demand does not conclusively resolve the ambiguity regarding the amount in controversy." *Elzoghary v. Zelaya-Monge*, No. 23-CV-5353 (DLI) (PK), 2023 WL 6121800, at *2 (E.D.N.Y. Sept. 19, 2023) (citations and quotation marks omitted). "[S]ettlement

16

offers can often be wildly unrealistic and constitute mere puffery or posturing rather than a fair or realistic appraisal of a party's damages." *Estate of Gallo v. Bob Evans Rest.*, No. 17-CV-118 (LJV) (JJM), 2018 WL 4932083, at *1 (W.D.N.Y. July 27, 2018), *report and recommendation adopted*, 2019 WL 350163 (W.D.N.Y. Jan. 29, 2019) (internal citations and quotation marks omitted).

Plaintiff's $1,000,000 demand does not provide any indication of how he arrived at that figure, or why it is a reasonable demand in light of his injuries, thus entitling it less credibility. *See Diallo*, 2024 WL 640066, at *4; *Daly v. United Airlines, Inc.*, No. 3:17-CV-00977 (CSH), 2017 WL 3499928, at *3 (D. Conn. Aug. 16, 2017). Indeed, courts considering settlement demands made prior to removal have viewed the same as "only one factor to consider in assessing the amount in controversy" and counseled that "courts must consider the context in which such a settlement demand was made." *Daly*, 2017 WL 3499928, at *3 (quoting *Vermande v. Hyundai Motor America, Inc.*, 352 F. Supp.2d 195, 202-03 (D. Conn. 2004)).

Further, to the extent the Court considers Defendants' submission of verdicts and settlements in this District exceeding $75,000, the Court notes that both of those cases pertain to slip and fall personal injury claims, and not automobile accidents. *See* Dkt. Nos. 19; 19-1.

Accordingly, Defendants have not demonstrated that 28 U.S.C.'s amount in controversy requirement has been satisfied, thus necessitating remand of this case to state court.

### C. The Notice of Removal's Procedural Deficiencies

And even if the above elements were satisfied, the removal here was deficient and requires remand. A review of the state court docket (*Stewart v. Singh*, Index No. 718299/2024, Queens Sup. Ct. ("Queens Docket")) reveals that Defendants did not attach "all process, pleadings, and orders served upon [them]" in the state court litigation, rendering removal procedurally defective

17

under Section 1446(a). *See New York State Cnty. of Nassau Supreme Ct. v. Powell*, No. 18-CV-4079 (JFB) (AYS), 2018 WL 9986665, at *2 (E.D.N.Y. Aug. 8, 2018) (remanding where the defendant's filing was "incoherent" and missing a copy of state court proceedings); *Diallo*, 2024 WL 640066, at *4 (remanding in part because of the defendant's failure to attach a copy of state court proceedings). Indeed, while Defendants' notice of removal includes a copy of the Summons and Complaint, *see* Dkt. No. 1-1, an affidavit of service on Singh, *see* Dkt. No. 1-2, and Defendants' Answer with accompanying demands, *see* Dkt. No. 1-3, Defendants failed to attach Plaintiff's Statement of Authorization for Electronic Filing, Preliminary Conference Request, or the Request for Judicial intervention. *See, e.g.,* Queens Docket, Dkt. Nos. 3, 6, 7. "Because attachment of these orders was required per 28 U.S.C. § 1446(a), Defendants' failure to include them in their removal notice" is another "grounds for remand." *Elliot*, 777 F. Supp. 3d at 150 (citing, *inter alia*, 28 U.S.C. § 1446(a)).

Accordingly, Defendants' failure to include with their notice of removal all process, pleadings, and orders served on them in the state court litigation renders the same procedurally defective, which compels the remand of this case to state court.[8]

---

[8] While not raised by the parties, the Court *sua sponte* considers the timeliness of Defendants' removal to this Court and holds that the same was timely. As noted above, Defendants in their notice of removal, filed on February 28, 2025, *see* Dkt. No. 1, acknowledge that Plaintiff filed this action in the Supreme Court of the State of New York, Queens County in September 2024, *see* Dkt. No. 1 ¶ 1, and that Singh was served on October 17, 2024, *see* Dkt. No. 1-2. Notwithstanding 28 U.S.C. § 1446(b)(1)'s directive that a notice of removal must be filed within 30 days after receipt of a copy of the initial pleading, Defendants state, without more, that their removal application was timely filed because it "was made within 30 days of receiving the summons and complaint." Dkt. No. 1 ¶ 4; *see* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .").

Here, the Court holds that Defendants' notice of removal—filed over four months after Singh received a copy of the Complaint, though deficient for the reasons identified above—was timely filed because it was made within 30 days of Plaintiff's service on Defendants of a damages demand of $1,000,000. *See* Dkt. Nos. 20, 20-1; *Alvarez*, 2025 WL 2841713 ("the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought.") (quoting *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (collecting cases)).

**IV.     Conclusion**

For the reasons set forth herein, the Court remands this action to the Supreme Court of the State of New York, Queens County, pursuant to 28 U.S.C. § 1447(c).  The Clerk of Court is respectfully directed to send a certified copy of this Order to the Clerk of the Supreme Court of the State of New York, Queens County, and to close the case in this Court.

Dated:     Brooklyn, New York          **SO ORDERED.**
           November 4, 2025

                                                                         _/s/ Joseph A. Marutollo_
                                                                        JOSEPH A. MARUTOLLO
                                                                        United States Magistrate Judge

---

"Where the case stated by the initial pleading is not removable, for lack of a necessary jurisdictional element or otherwise, the 30-day removal clock does not commence until the removing party receives 'a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'"  *Walker v. Everett L. James & M&S Transp. Inc.*, No. 23-CV-7895 (KPF), 2024 WL 3342226, at *3 (S.D.N.Y. July 8, 2024) (quoting 28 U.S.C. § 1446(b)(4)).  As noted above, the Summons and Complaint did not contain a demand for damages, nor contain details regarding Plaintiff's alleged injuries such to conclude the amount in controversy requirement was met.  Further, conclusory statements regarding Plaintiff's damages exceeding certain thresholds under New York statutory law and the jurisdictional requirements of lower state courts are insufficient to conclude the amount in controversy threshold is met.  *See Diallo*, 2024 WL 640066, at *3; *Herrera*, 2016 WL 4536871, at *2; *Woodley*, 2008 WL 2191767, at *2.  Thus, the action was not potentially removable until service on Defendants of Plaintiff's $1,000,000 demand on February 20, 2025. *See* Dkt. Nos. 20, 20-1.
       The Court notes, however, that, by Defendants' measure, their notice of removal is *untimely*, as it states that they "learned that the amount in controversy exceeds the jurisdictional minimum" based on statements in the Summons and Complaint that "[P]laintiff alleged injuries exceed the jurisdictional limits of the lower courts."  Dkt. No. 1 ¶¶ 11-12; *see also* Dkt. No. 1-1 ¶¶ 17-18 (noting that Plaintiff suffered damages "in a sum which exceeds the monetary limits of all courts of limited jurisdiction[,]" and that Plaintiff's injuries were "serious" under New York law).  Indeed, in their October 13, 2025 letter to the Court, Defendants reiterate that they were aware that the "amount in controversy" exceeded "the jurisdictional minimum of $75,000" "[b]ased on [Plaintiffs'] summons and complaint."  Dkt. No. 19 at 1-2.  If Defendants could decipher the removability of this action based on the Summons and Complaint, they should have file a notice of removal no later than November 18, 2024.  *See* Dkt. No. 1-2; *see also* 28 U.S.C. 1446.

19